IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DANIEL KERRIGAN,

    Petitioner

    v.

MARIROSA LAMAS, *et al.*,

    Respondents

CIVIL NO. 1:11-CV-1486

Hon. John E. Jones III

## MEMORANDUM

August 12, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

On August 11, 2011, Petitioner Daniel Kerrigan ("Petitioner" or "Kerrigan"), an inmate presently confined at the State Correctional Institution Rockview ("SCI Rockview") in Bellefonte, Pennsylvania, initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2254. (Doc. 1.) Kerrigan states that he is challenging his December 2004 conviction in the Court of Common Pleas of Lehigh County, Pennsylvania, of Rape of a Child (Serious Bodily Injury), Involuntary Deviate Sexual Intercourse, Involuntary Deviate Sexual Intercourse with a Child (Serious Bodily Injury), and "related charges." (*Id.* at 1.) He states that he was sentenced to a term of

imprisonment of twenty-five (25) to fifty (50) years. (*Id.*)

Kerrigan has filed a Motion for leave to proceed *in forma pauperis* (Doc. 3), but also has paid the required $5.00 filing fee (Doc. 2), and therefore, his Motion will be denied as moot. For the reasons that follow, the Petition will be transferred to the United States District Court for the Eastern District of Pennsylvania.

**DISCUSSION**

In civil cases, venue may be changed pursuant to 28 U.S.C. § 1404(a), which provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Venue for a habeas corpus petition may be transferred under § 1404(a) to a forum where the material events occurred and where the records and witnesses are located. *Smart v. Goord*, 21 F. Supp. 2d 309, 313 (S.D.N.Y. 1998); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973).

In the instant case, it is clear that the issues Kerrigan raises in his Petition originated in Lehigh County, which is located within the Eastern District of Pennsylvania. Further, even though Petitioner currently is incarcerated in the Middle District of Pennsylvania, the records and witnesses involved in his conviction and sentence are located in the Eastern District. Based on these considerations, the Court

finds that a change of venue is warranted.

When venue is improper, as in this matter, a court may transfer the matter to the district court "in which it could have been brought." 28 U.S.C. § 1406(a). Accordingly, we will direct that the instant action be transferred to the United States District Court for the Eastern District of Pennsylvania. An appropriate Order will issue on today's date.